# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO J.G., *aka Alejandra Zuazo J.*,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, *Warden of California Correctional Facility*,<br><br>Respondent.<br><br>_____ / | Case No. 1:26-cv-00261-JLT-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>(Doc. 3, 4)<br><br><u>FIVE-DAY DEADLINE</u> |

Alejandro J.G., an immigration detainee proceeding through counsel, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] (Doc. 1). Currently before the Court are Petitioner's Petition, (Doc. 1), and Motion for a Temporary Restraining Order ("the Motion"), (Doc. 4). On January 13, 2026, the District Court converted the Motion to a Motion for a Preliminary Injunction and referred the Motion to the undersigned for preparation of findings and recommendations. (Doc. 4).

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Per instruction from the Court, (*see* Docs. 4, 7), Respondent has filed an opposition to the Motion for a Temporary Restraining Order. (Doc. 10). Petitioner filed a reply on February 18, 2026. (Doc. 12).

For the reasons explained below, the undersigned recommends that Petitioner's Motion for Temporary Restraining Order, which the Court converted to a Motion for Preliminary Injunction, be granted.

## I.    FACTUAL BACKGROUND

Petitioner left her native country, Mexico, and entered the United States without inspection in 1996. (Doc. 3-1 ("J. Decl.") ¶ 5). Petitioner ordered removed but was granted withholding of removal as to Mexico. (*Id.* ¶ 7; Doc. 10-2 at 3). On August 26, 2009, Petitioner was released under an order of supervision and enrolled in the Intensive Supervision Appearance Program ("ISAP"). (J. Decl. ¶ 8).

On October 10, 2025, Petitioner was re-detained. (*Id.* ¶ 9; Doc. 10-2 at 3). Petitioner represents that she "fully complied with all reporting and supervision requirements," (J. Decl. at 8), and that "[she] did not receive any prior notice or any documentation regarding my detention[, she] was not told why [she] was being detained[, she] was not told [she] violated [her] order of supervision[, and she] was not given any information as to why suddenly [she] was being detained," (*id.* ¶ 9). Petitioner also represents that "[t]he [Immigration and Customs Enforcement ("ICE")] Officer did not explain the situation to [her]," or "allow [her] to give any reason why [she] should not be detained." (*Id.* ¶ 10). She further represents that since her re-detention, she has "not been informed by ICE officers whether travel documents have been obtained or whether removal has been scheduled," (*id.* ¶ 11), nor has ICE "asked [her] about third countries" or "provided written confirmation that any country has issued or will issue travel documents, nor that removal is scheduled in the near future," (*id.* ¶ 16). In their opposition to the Motion, Respondent did not provide a declaration addressing or refuting any of Petitioner's representations. (*See generally* Doc. 10).

## II.    LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*

*v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citing *Munaf*, 553 U.S. at 689–90; *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)). "Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)). "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

## III.    DISCUSSION

### A.    Likelihood of Success on the Merits

Regarding the first *Winter* factor, Petitioner contends she is likely to succeed on her claims that (1) the Due Process Clause and the Government's own regulations bar the Government from re-detaining her without being provided notice and an opportunity to be heard, (Doc. 3-1 at 19–25), (2) she is entitled to legally-required procedures prior to any nonpunitive third party removal, (*id.* at 25–30), and (3) the Constitution prohibits punitive third country removals, (*id.* at 30–35).

#### 1.    Challenge to Re-Detention

Upon review, the undersigned finds that Petitioner is likely to succeed on the merits of her claim that the Government has violated its own regulation, 8 C.F.R. § 241.13. (*See* Docs. 1 at 7; 14-1 at 35). Section 241.13 provides "special review procedures" governing ICE's authority to revoke a removable alien's release in cases where, as here, ICE has (1) previously determined "that there is no significant likelihood of removal in the reasonably foreseeable future," and then (2) subsequently seeks to revoke release based on changed circumstances resulting in a "determin[ation] that there is a significant likelihood that the alien may be removed in the

reasonably foreseeable future."

As an initial matter, to revoke a removable alien's release under section 241.13(i)(2), ICE must determine that the alien is significantly likely to be removed in the reasonably foreseeable future "on account of changed circumstances."[2]  § 241.13(i)(2).  The Government asserts that it has determined that changed circumstances exist as to Petitioner, in that they have now determined that Petitioner could be removed to a third country.  (*See* Doc. 10 at 5).  But "[s]imply [stating] that circumstances had changed or there was a significant likelihood of removal in the foreseeable future is not enough." *Phakeokoth v. Noem*, No. 3:25-CV-02817-RBM-SBC, 2025 WL 3124341, at \*4 (S.D. Cal. Nov. 7, 2025*)* (quoting *Sarail A. v. Bondi*, 25-cv-2144 (ECT/JFD), 2025 WL 2533673, at \*10 (D. Minn. 2025)).

Respondent does not provide any details about their efforts to remove Petitioner to a third country, nor have they provided this Court, let alone Petitioner, any information about any attempts to identify a third country that is willing to accept Petitioner.  "Respondent[’s] [implied] intent to eventually complete a travel document request for Petitioner does not constitute a changed circumstance" that makes removal significantly likely in the reasonably foreseeable future.  *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at \*4 (E.D. Cal. July 16, 2025) (alterations added) (citing *Liu v. Carter*, No. 25-cv-03036-JWL, 2025 WL 1696526, at \*2 (D. Kan. Jun. 17, 2025)); *see also  Vu v. Noem*, No. 1:25-cv-01366-KES-SKO (HC), 2025 WL 3114341, at \*6 (E.D. Cal. Nov. 6, 2025).

Second, in defense of the Petitioner's re-detention, Respondent cites section 241.1 as the relevant authority.  (Doc. 10-3 at 1).  While the procedures in section 241.1 apply where

> the Service subsequent [to a determination to release a non-citizen pursuant to section 241.13 then] determines, because of a change in circumstances, that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future to the country to which the alien was ordered removed or to a third country,

§ 241.4(b)(4), the applicability of section 241.1 also turns on whether the Government determines

---

[2] The undersigned notes that section 241.13(i)(1) provides another avenue for the Government to revoke release under section 241.13 in instances where an alien "violates the conditions of release."  But nowhere in the record does the Government purport to rely on this authority for the October 10, 2025 revocation of Petitioner's release, so the undersigned will not address this provision.

that there have been "changed circumstances," such that there is "a significant likelihood" of removal "in the reasonably foreseeable future."  The undersigned, therefore, finds that Petitioner is likely to succeed on their claim that Respondent has failed to provide a sufficient basis to justify a determination that there were changed circumstances warranting re-detention pursuant to section 241.13(i)(3) or section 241.4(b)(4).

Further, even assuming the Government had made a sufficiently supported determination based on legally sufficient "changed circumstances," the undersigned finds Petitioner is likely to succeed in showing that the Government violated section 241.13(i)(3)'s procedural requirements.  Section 241.13(i)(3) sets forth "revocation procedures" governing revocation carried out pursuant to this section.  To revoke a removable alien's release under section 241.13(i)(3), an alien must "be notified of the reasons for revocation of his or her release" and those reasons must be "stated in the [written] notification."  8 C.F.R. § 241.13(i)(3); *see Tran*, 2025 WL 3005347, at *3 (holding that this "notice must be in writing and contain all the reasons for the revocation of the alien's release").

Based on the record before the Court, ICE implicitly represents that it provided sufficient written notice to Petitioner on the day of her arrest.[3]  (*See* Doc. 10-3 at 1).  A copy of the Notice attached to Respondent's opposition to the Motion states the Government "has determined there is a significant likelihood of removal in the reasonably foreseeable future," that "ICE has determined it is appropriate to enforce the removal order and remove [Petitioner] to a third country," and that Petitioner is to remain in ICE custody "pursuant to 8 C.F.R. § 241.4."  (*Id.* at 1).  Again, Respondent's bare assertions of changed circumstances "did not offer [her] adequate notice of the basis for the revocation decision such that [she] could meaningfully respond at [any] post-detention informal interview," as required under section 241.13.  *Diaz v. Wofford*, No. 1:25-CV-01079 JLT EPG, 2025 WL 2581575, at *8 (E.D. Cal. Sept. 5, 2025) (citing *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14 (1978) ("The purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending hearing.")); *see also McSweeney v. Warden of Otay Mesa Det. Facility*, Case No.: 3:25-cv-02488-

---

[3] The Court observes that the Notice does not bear Petitioner's signature confirming receipt.  (*See* 10-3 at 2).

RBM-DEB, 2025 WL 2998376, at *6 (S.D. Cal. Oct. 24, 2025) (granting habeas petition because "Petitioner could not have meaningfully responded to the proffered reasons for revocation when he had not yet even been informed of those reasons").

Further, in addition to the notice provision, section 241.13(i)(3) requires ICE to "promptly," after re-detainment, conduct "an initial informal interview" to "afford the alien an opportunity to respond to the reasons for revocation." Petitioner represents that she has not been provided details regarding any changed circumstances, let alone an opportunity to contest them. (*See* J. Decl.), and the Government provides no evidence that Petitioner was *promptly* provided an informal interview as required by section 241.13(i)(3). The Court, therefore, again finds it likely that Petitioner will prevail in demonstrating that the Government violated Petitioner's due process rights by not complying with its own rule under section 241.13(i)(3). *See Tran*, 2025 WL 3005347, at *3 (finding the same); *see also Grannis v. Ordean*, 234 U.S. 385, 394 (1914) ("The fundamental requisite of due process of law is the opportunity to be heard."); *Niz-Chavez v. Garland*, 593 U.S. 155, 172 (2021) ("If men must turn square corners when they deal with the government, it cannot be too much to expect the government to turn square corners when it deals with them.").

Respondent does not appear to dispute that the Government has failed to follow its own rules for re-detainment. In fact, the Respondent does not meaningfully address Petitioner's argument that her due process rights were violated by the Government's failure to abide by their own regulations requiring notice and an opportunity to be heard. In line with courts that "have found that when ICE fails to follow its own regulations in revoking release, the detention is unlawful, and the petitioner's release must be ordered," *Truong v. Noem*, No. 25-cv-2597-JES-MMP, 2025 WL 2988357, at *6 (S.D. Cal. Oct. 22, 2025) (collecting cases), the undersigned finds that Petitioner is likely to succeed on the merits of her claim that her re-detention is unlawful.

2.    Challenge to Third Country Removal

In her second and third claims for relief, Petitioner challenges Respondent's third country removal policy, as outlined in several recent policy memoranda, as unlawful and in violation of due process. Respondents contend that Petitioner's request for injunctive relief would "essentially

[be] a judicially created stay of a final order of removal." (Doc. 10 at 7). The undersigned disagrees.

For the reasons already persuasively explained in several cases from this Court, *see Sarfarzi-Esfahari v. Murray*, No. 1:25-CV-00774-JLT-EPG-HC, 2026 WL 192347, at *10 (E.D. Cal. Jan. 26, 2026); *Hernandez v. Bondi*, No. 1:25-CV-02020-EPG-HC, 2026 WL 350829, at *8 (E.D. Cal. Feb. 9, 2026); *Vu*, 2025 WL 3114341, at *9, the undersigned finds that Petitioner is likely to succeed on her claim that Respondent's third country removal policy, "contravenes Ninth Circuit law," and, if applied to her, that such policies would violate her due process rights. *Sarfarzi-Esfahari*, 2026 WL 192347, at *10 (quoting *Nguyen v. Scott*, 796 F. Supp. 3d 703, 728 (W.D. Wash. 2025)). Because the undersigned is persuaded by the reasoning of prior decisions from this court that "diplomatic assurances that [non-citizens] removed from the United States will not be persecuted or tortured," *Esmail v. Noem*, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030589, at *1–2 (C.D. Cal. Sept. 26, 2025); *see also Sarfarzi-Esfahari*, 2026 WL 192347, at *10; *Hernandez*, 2026 WL 350829, at *8; *Vu*, 2025 WL 3114341, at *9, without further process inquiring as to whether that non-citizen has a fear of being removed to third country, the undersigned finds that Petitioner is likely to succeed on her claim that such a policy, as applied to her, is unlawful.

Petitioner further claims the Government's third country deportation policy is "punitive" and therefore a violation of due process under *Wong Wing v. United States*, 163 U.S. 228, 237 (1896). (Doc. 3-1 at 30–35). On the current record, the undersigned finds that the question of whether the Government's third country removal policy is unconstitutionally "punitive" is unsuitable for evaluation at the preliminary injunction stage. *See Baltodano v. Bondi*, No. C25-1958RSL, 2025 WL 3123991, at *4 (W.D. Wash. Nov. 7, 2025). Therefore, for the purposes of Petitioner's preliminary injunction request only and without prejudice to Petitioner seeking future relief, the undersigned recommends declining to find likelihood of success on the merits of this issue.

**B.      Irreparable Harm**

Turning to the second *Winter* factor, "[i]t is well established that the deprivation of

7

constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez*, 872 F.3d at 994 (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (quoting WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE § 2948.1 (2d ed. 2004)). Given the undersigned's conclusion that Petitioner is likely to succeed on the merits of her claim that her re-detention violated the Due Process Clause, the undersigned finds that Petitioner faces irreparable harm absent a preliminary injunction.

**C.      Balance of Equities and Public Interest**

When the Government is the nonmoving party, "the last two *Winter* factors merge." *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal citations omitted). Although the Government has a strong interest in enforcing the immigration laws, the issue in this case is not whether the Government can re-detain or deport Petitioner to a third country at all, but whether it can re-detain Petitioner or deport her to a third country without following their own regulations or abiding the requirements of due process. Faced with a choice "between [minimally costly procedures] and preventable human suffering," the Court concludes "that the balance of hardships tips decidedly in [Petitioner's] favor." *Hernandez*, 872 F.3d at 996 (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983)).

The public interest also weighs in Petitioner's favor. "The public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Diaz*, 2025 WL 1676854, at *3 (citing *Jorge M.F. v. Wilkinson*, No. 21-CV-01434-JST, 2021 WL 783561, at *3) (N.D. Cal. Mar. 1, 2021); *see also Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 838 (9th Cir. 2020) ("It is always in the public interest to prevent the violation of a party's constitutional rights.").

**D.      Remedy**

In conclusion, the undersigned finds that the requirements for issuing a preliminary injunction are met. Petitioner's immediate release is required to return her to the status quo ante—

"the last uncontested status which preceded the pending controversy." *Pinchi v. Noem*, No. 25-CV-05632-RMI (RFL), 2025 WL 1853763, at *3 (N.D. Cal. July 4, 2025); *Kuzmenko v. Phillips*, No. 2:25-cv-00663-DJC-AC, 2025 WL 779743, at *2 (E.D. Cal. Mar. 10, 2025); *see also Valdez v. Joyce*, 25 Civ. 4627, 2025 WL 1707737, at *5 (S.D.N.Y. June 18, 2025) (ordering immediate release of unlawfully detained noncitizen); *Ercelik v. Hyde*, No. 1:25-CV-11007-AK, 2025 WL 1361543, at *15–16 (D. Mass. May 8, 2025) (same); *Günaydın v. Trump*, No. 25-CV-01151, 2025 WL 1459154, at *10–11 (D. Minn. May 21, 2025) (same).

Further, the undersigned finds that an injunction enjoining Respondent from "from removing Petitioner via a third-country deportation to any country" if "Petitioner does assert a fear-based claim for relief from removal . . . without first providing [her] a meaningful opportunity to be heard on [her] fear-based claim before an immigration judge in compliance with due process" is necessary to preserve the status quo. *A.A.M. v. Andrews*, No. 1:25-cv-01514-DC-DMC (HC), 2025 WL 3685159, at *7 (E.D. Cal. Dec. 19, 2025); *see Arenado-Borges v. Bondi*, No. 2:25-CV-02193-JNW, 2025 WL 3687518, at *7 (W.D. Wash. Dec. 19, 2025) (enjoining government "from removing or seeking to remove Petitioner to a third country without notice and a meaningful opportunity to respond in reopened removal proceedings before an Immigration Judge."); *Hernandez*, 2026 WL 350829, at *8.

**E.     Bond**

Federal Rule of Civil Procedure 65(c) provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  However, "[d]espite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quotation modified) (*quoting Jorgensen v. Cassiday*, 320 F.3d 909, 919 (9th Cir. 2003)).  "The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen*, 320 F.3d at 919 (citing *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999)).

Neither party has addressed the issue of security in this case and the undersigned finds no security required here as courts regularly waive security in cases like this one. *See*, *e.g.*, *Zakzouk v. Becerra*, No. 25-cv-6254 KAW, 2025 WL 2899220, at *8 (N.D. Cal. Oct. 10, 2025) (collecting cases).

## IV.   CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS that:

1.   Respondent IMMEDIATELY RELEASE Petitioner Alejandro J.G. from custody under the same conditions of release to which she was subject prior to her October 10, 2025, detention.  Respondent shall not impose any additional restrictions on her, unless such restrictions are determined to be necessary at a future pre-deprivation / custody hearing.

2.   By no later than 48 hours after any order ordering release, Respondent shall file a status report confirming Petitioner's release.

3.   Respondent be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

4.   The bond requirement of Federal Rule of Civil Procedure 65(c) be WAIVED.

5.   Respondent be ENJOINED AND RESTRAINED from removing or seeking to remove Petitioner to a third country without notice and a meaningful opportunity to respond in reopened removal proceedings before an Immigration Judge.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  **Within five (5) days of service of these recommendations**, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time

may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **February 20, 2026**          /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE