UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALEJANDRO J. G., aka Alejandra Zuazo J.,

Petitioner,

v.

CHRISTOPHER CHESTNUT, Warden of the California City Correctional Facility,

Respondent.

No. 1:26-cv-00261-JLT-FJS (HC)

(A-Number: 095-804-301)

FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS

[ECF No. 1]

[14-DAY OBJECTION DEADLINE]

Petitioner is an immigration detainee proceeding with counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed the instant petition on January 13, 2026, challenging her re-detention by the Department of Homeland Security (the “Department”). (ECF No. 1.) Petitioner also filed a motion for temporary restraining order. (ECF No. 2.) That same date, the district court issued an order denying the motion for a temporary restraining order as untimely. (ECF No. 4.) Nevertheless, the district court determined that the filings raised serious questions as to the process Petitioner received during her re-detention. The court converted the motion for a temporary restraining order into a motion for preliminary injunction and referred the matter to the magistrate judge for preparation of findings and recommendations.

On February 23, 2026, Magistrate Judge Sheila K. Oberto[1] issued findings and recommendations to grant Petitioner's motion for preliminary injunction. (ECF No. 13.) Specifically, the court determined that Petitioner was likely to succeed on her claim that the government had violated its own regulations – 8 C.F.R. §§ 241.13(i)(2), (3) – by failing to provide Petitioner proper notice and an opportunity to be heard. (ECF No. 13 at 3-6.) In addition, the court concluded that Petitioner was likely to succeed on her claim that the government's third-country removal policy contravenes Ninth Circuit law and, if applied to Petitioner, would violate her due process rights. (ECF No. 13 at 6-7.) On May 3, 2026, without objection from the parties, the district court adopted the findings and recommendations in full, granted the preliminary injunction, ordered Petitioner's immediate release, and enjoined the government from re-detaining Petitioner unless her re-detention is ordered at a custody hearing before a neutral arbiter where the government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a flight risk or danger to the community. (ECF No. 14 at 2 ¶ 4.) The court added the proviso that Petitioner be provided a post-deprivation hearing consistent with the requirements set forth above, if legally sufficient circumstances justify arrest without notice in advance. (ECF No. 14 at 2 ¶ 4 n.1.) The parties were granted an opportunity to provide further briefing and the matter was referred back to the magistrate judge for preparation of findings and recommendations on the merits of the petition.

On April 1, 2026, Respondents submitted supplemental briefing. (ECF No. 16.) Respondents do not proffer new or additional argument concerning Petitioner's claims, opting to rest on their prior filing. (ECF No. 16 at 1.) The court thus finds that the petition should be granted for the same reasons discussed in the findings and recommendations that the district court adopted. To reiterate: the government violated Petitioner's due process rights when it failed to comply with its own regulations in revoking Petitioner's release on supervision without first providing proper notice and an opportunity to be heard. *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025); *Vu v. Noem*, No. 1:25-cv-01366-

[1] The matter was reassigned to the undersigned on March 23, 2026. (ECF No. 15.)

KES-SKO (HC), 2025 WL 3114341, at *6 (E.D. Cal. Nov. 6, 2025). In addition, the government's third-country removal policy contravenes Ninth Circuit law, and, if applied to Petitioner, would violate her due process rights. *See Sarfarzi-Esfahari v. Murray*, No. 1:25-CV-00774-JLT-EPG-HC, 2026 WL 192347, at *10 (E.D. Cal. Jan. 26, 2026); *Hernandez v. Bondi*, No. 1:25-CV-02020-EPG-HC, 2026 WL 350829, at *8 (E.D. Cal. Feb. 9, 2026.

PERMANENT INJUNCTIVE RELIEF

In securing her release, Petitioner secures the gravamen of the relief sought. In addition to release, however, Petitioner seeks to permanently restrain Respondents from (1) future re-detention without first holding a hearing and (2) removal to a third country. (ECF No. 1 at 31). Respondents request that any future injunction be limited. In particular, the government requests that the requirement that a pre-deprivation hearing be provided prior to re-detention be removed. (ECF No. 16 at 1-2.) Respondents argue that the pre-deprivation hearing requirement goes beyond the relief requested in the petition. (*Id.* (citing ECF No. 1 at 30).) Petitioner responds that a permanent injunction is necessary to prevent Respondents from re-detaining Petitioner in the same unconstitutional manner as before. (ECF No. 17 at 2.) Petitioner argues that injunctive relief is also necessary with respect to her third-country removal claim. (ECF No. 17 at 3-4.) She contends that the government's current policy deprives aliens such as herself from receiving proper notice and opportunity to respond prior to removal to a third country. (*Id.*)

As to Petitioner's possible future re-detention, the court does not recommend a permanent injunction in this matter. The court's preliminary injunction enjoined the government from re-detaining Petitioner unless her re-detention is ordered at a custody hearing before a neutral arbiter where the government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a flight risk or danger to the community. (ECF No. 14 at 2.) In the context of granting the preliminary injunction, this restraint furthered the aim of "preserv[ing] the *status quo ante litem* pending a determination of the action on the merits." *L.A. Mem'l Coliseum Comm'n v. N.F.L.*, 634 F.3d 1197, 1200 (9th Cir. 2009), *quoted in Sierra Forest Legacy v. Rey*, 557 F.3d 1015, 1023 (9th Cir. 2009). *See also Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (defining the *status quo* as "the last uncontested status which preceded the

pending controversy") (internal citations and quotations omitted). Whether that provisional restraint should be incorporated in a permanent injunction warrants further analysis. A party seeking a permanent injunction must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *W. Watersheds Project v. Abbey*, 719 F.3d 1035, 1054 (9th Cir. 2013). This court recommends against incorporating the pre-detention hearing restraint recited in the preliminary injunction for two primary reasons.

- First, a prospective permanent injunction imposing a hearing requirement for this Petitioner before re-detention would necessarily require caveats. *See, e.g., Munoz-Soto v. Chestnut*, No. 26-cv-02310-KES-SKO, 2026 WL 913047, at *1 n.2 (E.D. Cal. April 2, 2026) (restraining respondents from re-detaining petitioner without a pre-deprivation hearing *except* when petitioner becomes subject to an executable final order of removal); *Lovedeep A. v. Warden*, 26-cv-01070-JLT-FJS, 2026 WL 947012, at *1 n.1 (E.D. Cal. April 8, 2026) (preliminarily restraining respondents from re-detention without a pre-deprivation hearing *except* when legally-sufficient circumstances justify arrest without notice in advance). It is unclear whether the court can currently anticipate all possible exceptions to a notice-and-hearing requirement that might reasonably apply to future immigration enforcement activity. A permanent restraint that is judicially created, proves to be unintentionally overbroad in future unanticipated scenarios, and consequently frustrates congressionally authorized future immigration enforcement activity does a disservice to the public interest.
- Second, requiring Respondents to individually and permanently track a special notice provision that applies only to Petitioner is administratively burdensome and, as time passes and personnel and record systems change, increasingly likely to be lost to the bureaucratic abyss. This consequence imposes an unbalanced hardship

on Respondents that tips against imposition of a permanent injunction.[2]

This court is sensitive to the concern that Petitioner might be re-detained on the same grounds that this court now rejects. *See generally* (ECF No. 17 at 1-2). The court is confident Respondents will be mindful of complying with the final disposition of this petition and honoring that outcome's *res judicata* effects. *See United States v. Chung Shee*, 76 F. 951, 952-53, 956 (9th Cir. 1896) (affirming the release of an immigrant who was arrested on re-examination after previously obtaining habeas relief that permitted her entry to the United States because "[s]he cannot again be lawfully arrested and held on the same facts that were in issue in the [earlier habeas] proceeding"). Should that confidence prove to be misplaced, however, permanent injunctive relief may become appropriate.

Finally, Petitioner argues the court should also issue an injunction precluding the government from removing Petitioner "to *any* third country because Respondent's third country removal program seeks to impose unconstitutional punishment on its subjects, including imprisonment and other forms of harm." (ECF No. 1 at 33 (emphasis added).) Alternatively, Petitioner seeks to restrain the government from removing her "to a third country without notice and opportunity to respond in compliance with the statute and due process in reopened removal proceedings." (*Id.* at 31.) Petitioner claims third-country removals without notice are the Department's current policy. (*Id.* at 28-30.) She argues that the Department is actively following this policy by removing noncitizens with either no, or virtually no, notice. (*Id.*) Respondents argue that relief is unavailable because "those circumstances" have not "materialized." (ECF No. 10 at 8.)

Congress envisioned scenarios where aliens might be removed to third countries. *See* 8 U.S.C. § 1231(b)(2)(E)(vii). And the Department promulgated rules more than twenty years ago that set time schedules and other terms and conditions applicable to third-country removals. *See, e.g., Execution of Removal Orders; Countries to Which Aliens May Be Removed*, 70 Fed. Reg. 661, 671 (Jan. 5, 2005). A pair of memoranda—one issued on March 30, 2025, and the other

[2] This unbalanced hardship is amplified should other courts in the escalating number of immigration habeas petitions order varying timelines of notice.

issued on July 9, 2025—outline a different approach to third-country removal. Recently, the First Circuit affirmed the certification of a nation-wide class of aliens who would be subject to this recent third-country removal policy. *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 26-1212, 2026 WL 2797801, at *4-6 (1st Cir. Sept. 18, 2026).[3] The First Circuit further affirmed the vacatur of the March 20 and July 9 memoranda. *Id.* at *18-19. As Petitioner apparently falls within the definition of this affirmed class-wide relief, (ECF No. 10-3 at 1), a further order from this court would be superfluous. That said, the Supreme Court stayed the district court's order on September 29, 2026, and granted certiorari as to the First Circuit's opinion. Order, *Dep't of Homeland Sec. v. D.V.D.*, Case No. 26-426 (S.Ct. Sept 26, 2026) (further ordering briefing to accommodate a December 2026 oral argument). Hence, the *D.V.D.* vacatur does not currently provide relief to Petitioner.

This court finds that ICE's recent policy for third-country removals—what Petitioner calls the "Noem Memo" (ECF No. 17 at 3-4)—contradicts Ninth Circuit law and violates due process. *See Vishal v. Chestnut*, 811 F.Supp.3d 1179, 1187-88 (E.D. Cal. 2025) (noting "[m]ultiple courts have found the government's third-country removal policy violates due process and is contrary to Ninth Circuit precedent" and concurring) (citing cases). But Petitioner's prayer for relief is too broad. Petitioner seeks a categorical prohibition on removal to a third country. (ECF No. 1 at 31 ¶ 5.) Given that Petitioner already persuaded the immigration court that her removal to her native Mexico is unavailable (ECF No. 10-2 at 3), Petitioner's prayer arguably seeks an order compelling her permanent residence in the United States. Moreover, Petitioner's alternative prayer restraining the government from "remov[ing] or seek[ing] to remove Petitioner to a third country without notice and meaningful opportunity to respond in compliance with the statute and due process in reopened removal proceedings" (ECF No. 1 at 31 ¶ 4), is too vague a request for exercise of the contempt power. *See In re Bennett*, 298 F.3d 1059, 1069 (finding that contempt

---

[3] The class in *D.V.D.* is defined as "[a]ll individuals who have a final removal order in proceedings under [various provisions of the Immigration and Nationality Act] whom the Department has deported or will be deport on or after February 18, 2025, to a country (a) not previously designated as the country or alternative country of removal, and (b) not identified in writing in the prior proceedings as a country to which the individual would be removed." 2026 WL 2797801, at *3.

citation must be based on a violation of a "specific and definite order of the court."). Nevertheless, the fact that Petitioner would have to be removed to some country other than her native country of Mexico persuades this court that third-country removal is not too speculative to address. Therefore, consistent with the First Circuit's ruling in *D.V.D.*, 2026 WL 2797801, at *19 (citing *Immigrant Defs. L. Ctr. v. Noem*, 145 F.4th 972, 989-90 (9th Cir. 2025)), this court recommends that Respondent be permanently restrained from removing Petitioner pursuant to the March 10, 2026, and July 9, 2026, memoranda or any policies and guidelines derivative of those two memoranda. This order does not intend to frustrate Respondent from pursuing third-country removal of Petitioner pursuant to the regulations, policies, and guidelines that were created independent of the March 10, 2026, and July 9, 2026, memoranda.

Should the Supreme Court reverse the First Circuit's affirmance of the vacatur of the March 10, 2026, and July 9, 2026, memoranda, this restraint would automatically dissolve.

RECOMMENDATION

For the foregoing reasons, the court hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED and Petitioner be RELEASED. The court further RECOMMENDS that the permanent restraints on re-detention that Petitioner seeks be DENIED. And the court RECOMMENDS that the restraints on third-country removal Petitioner seeks be GRANTED-IN-PART. More specifically, the court recommends that Respondent be restrained from removing Petitioner pursuant to the March 10, 2026, and July 9, 2026, memoranda or any policies and guidelines derivative of those two memoranda.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **October 13, 2026**

UNITED STATES MAGISTRATE JUDGE