**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO J. G., aka Alejandra Zuazo J.,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT,<br><br>Respondent | No. 1:26-cv-00261 JLT FJS (HC)<br><br>A-Number: 095-804-301<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AS MODIFIED, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 18) |

Alejandro J. G. is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Following this Court's order adopting the magistrate judge's recommendation to grant Petitioner's motion for a preliminary injunction, which resulted in Petitioner's immediate release, (*see* Docs. 13, 14), on October 14, 2026, the magistrate judge issued findings and recommendations that the Petition be granted. (Doc. 18.) On October 27, 2026, Respondents filed timely objections. (Doc. 19.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondent's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. For the reasons explained in the findings and recommendations (Doc. 18 at 4–5), the Court agrees that it is not appropriate to permanently enjoin Respondent from re-detaining Petitioner without a pre-

deprivation hearing. The Court also agrees with the findings and recommendations that it is appropriate to provide some permanent protections related to third country removal in this case. Though Respondents are correct that the class-wide injunctive relief awarded in *D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355, 378 (D. Mass. 2025), has been stayed, *Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2153 (2025), this Court has imposed similar procedural protections on a case-by-case basis when warranted. *See Y.T.D. v. Andrews*, No. 1:25-CV-01100 JLT SKO, 2025 WL 2675760, at *11 (E.D. Cal. Sept. 18, 2025); *see also Vijil Falla v. Warden Golde State Annex*, No. 1:26-CV-00526-JLT-SAB (HC), 2026 WL 453564, at *4 n. 10 (E.D. Cal. Feb. 18, 2026). In accordance with its prior practice, *see, e.g., Y.T.D.*, 2025 WL 2675760, at *13, the Court will impose specific procedural requirements as set forth below:

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on October 14, 2026 (Doc. 18) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **GRANTED**.
3. Respondents are **PERMANENTLY ENJOINED AND RESTRAINED** from effectuating Petitioner's third country removal without first:
    a. Providing him and his counsel with written notice in a language the Petitioner can understand.
    b. Following notice, Petitioner must be given a meaningful opportunity, and a minimum of ten days, to raise a fear-based claim for CAT protection prior to removal.
    c. If Petitioner demonstrates "reasonable fear" of removal to the third country, Defendants must move to reopen his immigration proceedings.
    d. If the non-citizen is not found to have demonstrated a "reasonable fear" of removal to the third country, Defendants must provide a meaningful opportunity, and a minimum of fifteen days, for the non-citizen to seek reopening of his immigration proceedings.
    e. Should the Supreme Court reverse the First Circuit's affirmance of the vacatur

of the March 10, 2026, and July 9, 2026, memoranda vacated by *D.V.D.*, these additional requirements will automatically dissolve.

4. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _November 9, 2026_

UNITED STATES DISTRICT JUDGE